UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08115-MRA-E | Date | January 7, 2025 |
|---|---|---|---|
| Title | SDLA Courier Service, Inc., et al. v. City Capital NY LLC, et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS DANIEL GOLD AND ACE RECOVERY GROUP LLC'S UNOPPOSED MOTION TO DISMISS [ECF 34]**

Before the Court is Defendants Daniel Gold and Ace Recovery Group LLC's Motion to Dismiss Plaintiffs' Complaint (the "Motion"). ECF 34. Plaintiffs did not oppose the Motion. The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The January 13, 2025, hearing is therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion with leave to amend.

## I.   BACKGROUND[1]

On September 20, 2024, Plaintiffs SDLA Courier Service, Inc. and James E. Goodman, Jr. (collectively, "Plaintiffs") brought this action against Defendants City Capital NY LLC, a New York limited liability company doing business as Gold Capital USA ("Gold NY"), City Capital NY LLC, a Connecticut limited liability company doing business as Gold Capital USA ("Gold CT"), MCA Receivables Group LLC ("MCA Receivables"), Ace Recovery Group LLC ("Ace"), and individuals known as Josef Gold, Zach Gold, and Daniel Gold. ECF 1 (Compl.).

---

[1] When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the court "take[s] as true all uncontroverted allegations in the complaint." *LNS Enterprises LLC v. Continental Motors, Inc.*, 22 F. 4th 852, 858 (9th Cir. 1977). Although the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), any "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Ford Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08115-MRA-E | Date | January 7, 2025 |
|---|---|---|---|
| Title | SDLA Courier Service, Inc., et al. v. City Capital NY LLC, et al. | | |

Plaintiff SDLA is a California-based business that, until recently, provided courier services exclusively to Amazon, Inc. ("Amazon"). *Id.* ¶¶ 1, 38. SDLA's prior owner sold his share of the business to Plaintiff James Goodman ("James"), SDLA's current owner and sole shareholder. *Id.* ¶¶ 1, 19. To pay off the terms of the Seller's Note, SDLA sought to obtain financing in and around May and June 2024. *Id.* ¶ 1, 39. SDLA was denied funding through traditional lending sources due to alleged accounting errors and false representations the prior owner had made in the stock purchase agreement. *Id.* ¶ 1. SDLA then contacted a broker who introduced SDLA to the MCA financing industry. *Id.* ¶ 2. SDLA's financial information was circulated to MCA lenders. *Id.* ¶¶ 3, 40. SDLA entered into several other contracts with MCA lenders. *Id.* ¶ 81.

Defendant Josef Gold ("Josef"), an officer or agent of Gold Capital USA ("Gold Capital"), contacted SDLA's Chief Executive Officer John Goodman ("John") via telephone and text message. *Id.* ¶¶ 24, 40. Defendants Gold NY and Gold CT do business as Gold Capital. *Id.* ¶¶ 20-21. Defendant MCA Receivables, which is the sole member of Gold Capital, provides Gold Capital with the capital required to fund its lending practices. *Id.* ¶¶ 127, 144-46. On or about June 6, 2024, SDLA entered into an agreement (the "MCA Agreement") with Gold Capital—either Gold NY or Gold CT. *Id.* ¶¶ 42-44, Ex. A (ECF 1-1). SDLA was unable to make payments resulting in breach of the MCA Agreement. *Id.* ¶ 91. On or about July 17, 2024, Gold Capital issued a Uniform Commercial Code ("UCC") lien notice to Wells Fargo, N.A. ("Wells Fargo"), where SDLA held an account. *Id.* The UCC lien notice prompted Wells Fargo to freeze SDLA's account and prevent it from accessing funds to meet its other contractual financial obligations or pay its employees. *Id.* ¶ 92. On an unspecified date, Gold Capital initiated a lawsuit against SDLA in Fairfield, Connecticut Superior Court. *Id.* ¶ 93, Ex. B (ECF 1-2). On or about July 16, 2024, Gold Capital and SDLA entered into a settlement agreement (the "Settlement Agreement") to resolve the case. *Id.* ¶¶ 93, 94. The Settlement Agreement provided that if SDLA did not timely remit payment or otherwise breached the terms of the agreement, Gold Capital retained the right to pursue its civil action without further notice to SDLA. *Id.* ¶ 104.

When SDLA failed to make payments on its obligations under the MCA Agreement and Settlement Agreement, Gold Capital retained Ace, a third-party collection agency based in New York, to assist with recovering the amounts claimed to be owed. ECF 34-1 (Davydov Decl.) ¶¶ 1, 5; *see also* Compl. ¶¶ 124, 141. Ace is a New York limited liability company. Compl. ¶ 23. Defendant Daniel Davydov, also known as Daniel Gold ("Daniel"), is the owner and Chief Operating Officer of Ace. Davydov Decl. ¶¶ 1, 4; Compl. ¶¶ 6, 148. Daniel resides in Miami, Florida. Davydov Decl. ¶ 3. Ace is located in Staten Island, New York and registered to do business in New York. *Id.* ¶ 1. Prior to moving to its Staten Island address, Ace had a shared space at the same address as Gold Capital at 164 20th Street in New York. *Id.* ¶ 3; Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08115-MRA-E | Date | January 7, 2025 |
|---|---|---|---|
| Title | SDLA Courier Service, Inc., et al. v. City Capital NY LLC, et al. | | |

¶¶ 23, 142.[2]  Notwithstanding his use of "Gold" as a last name, Daniel maintains that he is not affiliated with Gold Capital apart from Ace being retained as Gold Capital's collections vendor. Davydov Decl. ¶ 4.

Ace received Gold Capital's request for assistance on August 14, 2024. *Id.* ¶ 5.  Upon receipt, Ace sent a letter, signed by Daniel, forwarding to Amazon Gold Capital's UCC lien notice, thereby informing Amazon of Gold Capital's security interest in SDLA and James' assets. *Id.* ¶ 5, Ex. 1 (ECF 34-1 at 4-7); *see also* Compl. ¶ 104, Ex. C (ECF 1-3). The address listed on Ace's letterhead and below Daniel's signature is 99 Wall Street #4890, New York, New York. ECF 34-1 at 5-7. The letter instructed Amazon to "direct all funds owed by you on behalf of the Merchant [(SDLA and James)], or collected by you on behalf of the Merchant to Ace . . . until the amount of $724,700.00 has been remitted." *Id.* at 7. The letter warns that failure to remit all sums owed "will constitute a violation of the UCC and interference with the agreements" between SDLA and Gold Capital. *Id.*

Plaintiff alleges that Ace and Daniel "used deceptive acts and practices" and "operated in such a manner to use unfair and deceptive trade practices to collect upon the unlawful debt." Compl. ¶¶ 125, 143. Plaintiffs assert the following causes of action against Daniel and/or Ace: (1) unlawful activity under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1692(c); (2) conspiracy under RICO, 18 U.S.C. § 1692(d); (3) unfair and deceptive acts and practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, against Ace only; (4) intentional interference with contractual relations, against Ace only; and (5) fraudulent misrepresentation. Compl. ¶¶ 109-168, 183-187, 188-198, 219-225.

On November 20, 2024, Ace and Daniel filed the instant Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2). ECF 34. Plaintiff did not file an opposition to the Motion. The instant Motion is therefore unopposed.[3]

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal based on lack of personal jurisdiction. For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum

---

[2] The Complaint alleges that Ace's principal place of business was at 164 20th Street, *Brooklyn*, New York, Compl. ¶ 23, whereas Ace and Daniel allege that its prior place of business was at 164 20th Street, *New York*, New York, Davydov Decl. ¶ 3.

[3] Plaintiffs' failure to file an opposition provides the Court with further authority to grant the instant Motion pursuant to Local Rule 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08115-MRA-E | Date | January 7, 2025 |
|---|---|---|---|
| Title | SDLA Courier Service, Inc., et al. v. City Capital NY LLC, et al. | | |

such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation and quotations omitted)). The burden for establishing that jurisdiction is proper rests with the plaintiff, who "need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation and internal quotations omitted).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)); *see also Schwarzenegger*, 374 F.3d at 800. Because California's long-arm jurisdictional statute is "coextensive with federal due process requirements," "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-801; *see* Cal. Civ. Proc. Code § 410.10. Where, as here, a defendant lacks presence within the territory of the forum, due process requires that the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co.*, 326 U.S. at 316). A defendant's affiliations with the state may be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317). Alternatively, those contacts may relate to "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (citation omitted). The Supreme Court has referred to these bases for personal jurisdiction as "general" and "specific" jurisdiction. *See, e.g.*, *id.*; *Bristol-Myers Squibb Co. v. Superior Ct. of California, at San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

Ace or Daniel cannot be considered "essential at home" in California for purposes of general jurisdiction. Ace is a New York limited liability company with principal places of business in New York. Compl. ¶ 23; Davydov Decl. ¶ 1. Ace does not conduct business in California and has no physical presence in the state. Davydov Decl. ¶ 3. Daniel resides in Florida and lacks any personal or business ties to California. *Id*.

For a court to exercise specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a *substantial* connection with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). The Ninth Circuit follows a three-part "minimum contacts" test. *First*, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802. *Second*, "the claim must be one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08115-MRA-E | Date | January 7, 2025 |
|---|---|---|---|
| Title | SDLA Courier Service, Inc., et al. v. City Capital NY LLC, et al. | | |

which arises out of or relates to the defendant's forum-related activities." *Id*. *Third*, "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable." *Id*. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id*. If the plaintiff succeeds in doing so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Ace and Daniel contend that their case-related acts do not satisfy the first or second prong of the specific-jurisdiction inquiry. ECF 34 at 5-6. The Court agrees. Ace and Daniel were not parties to the underlying MCA Agreement or Settlement Agreement. They agreed to provide collections services to Gold Capital and, to that end, gave notice of Gold Capital's security interest to Amazon, a third party that is not alleged to be located in California. *See id.*; Davydov Decl. ¶¶ 5. It does not follow that based on these acts, Ace and Daniel purposefully directed their activities at the forum or its residents or purposefully availed themselves of the privilege of doing business in the forum. In fact, these activities do not involve any contact with the forum. Haling them into this jurisdiction based solely on the "unilateral activity of another party or a third person," namely Gold Capital, is impermissible. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Relatedly, Plaintiffs have not shown that their claims against Ace and Daniel arise out of Ace and Daniel's forum-related activities in satisfaction of the second prong of the specific-jurisdiction inquiry. Based on the facts presented, the Court finds that Plaintiffs have not met their burden of establishing personal jurisdiction over Ace and Daniel. The Motion to Dismiss pursuant to Rule 12(b)(2) is **GRANTED**.

Federal Rule of Civil Procedure 15(a) provides that once the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In general, "[t]he court should freely give leave when justice so requires." *Id*. At base, "leave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2013)). Here, further amendment would not be futile. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)). Accordingly, Plaintiffs are **GRANTED** leave to amend their pleading, correcting the deficiencies identified herein in a manner consistent with all Rule 11 obligations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08115-MRA-E | Date | January 7, 2025 |
|---|---|---|---|
| Title | SDLA Courier Service, Inc., et al. v. City Capital NY LLC, et al. | | |

### III.  CONCLUSION

For the foregoing reasons, Ace and Daniel's Rule 12(b)(2) Motion to Dismiss is **GRANTED** with leave to amend.  Any amended complaint shall be filed within **21 days** of the date of this Order.  Plaintiff shall attach to the amended complaint a redline copy reflecting all additions and deletions of material from the Complaint.  Failure to timely file an amended complaint will be deemed consent to dismissal of Ace and Daniel.

**IT IS SO ORDERED.**

                                                                                               \_\_\_ : \_\_\_

Initials of Deputy Clerk    gga